1040 (Form 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NO. |
|---|---|
| **PLAINTIFF(S)**<br>David G. Komatz and Babsy Komatz | **DEFENDANT(S)**<br>U.S. Department of Education<br>Navient U.S. Department of Education Loan Servicing<br>Nelnet |
| **ATTORNEY(S)** (Firm Name, Address, Telephone No.)<br>None | **ATTORNEY(S)** (If Known) |
| **PARTY** (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee<br>☐ Creditor    ☐ Trustee    ☐ Other | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee<br>☑ Creditor    ☐ Trustee    ☐ Other |

**CAUSE OF ACTION** (Write a brief statement of cause of action, including all U.S. statutes involved.)
To Determine Dischargeability Of Student Loans 11 U.S.C. § 523(a)(8))

28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts).

RECEIVED
FEB 16 2021
U.S. BANKRUPTCY COURT
POUGHKEEPSIE, NY

**NATURE OF SUIT**
(Number up to 5 boxes with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) – Recovery of Money/Property | FRBP 7001(6) – Dischargeability (continued) |
|---|---|
| ☐ 11 – Recovery of money/property - § 542 turnover of property | ☐ 61 – Dischargeability - § 523(a)(5), domestic support |
| ☐ 12 – Recovery of money/property - § 547 preference | ☐ 68 – Dischargeability - § 523(a)(6), willful and malicious injury |
| ☐ 13 – Recovery of money/property - § 548 fraudulent transfer | ☑ 63 – Dischargeability - § 523(a)(8), student loan |
| ☐ 14 – Recovery of money/property – other | ☐ 64 – Dischargeability - § 523 (a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien** | ☐ 65 – Dischargeability – other |
| ☐ 21 – Validity, priority or extent of lien or other interest in property | |
| | **FRBP 7001(7) – Injunctive Relief** |
| **FRBP 7001(3) – Approval of Sale of Property** | ☐ 71 – Injunctive relief – imposition of stay |
| ☐ 31 – Approval of sale of property of estate and of a co-owner - § 363(h) | ☐ 72 – Injunctive relief – other |
| **FRBP 7001(4) – Objection/Revocation of Discharge** | **FRBP 7001(8) – Subordination of Claim or Interest** |
| ☐ 41 – Objection/revocation of discharge - § 727(c), (d), (e) | ☐ 81- Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation** | **FRBP 7001(9) – Declaratory Judgment** |
| ☐ 51 – Revocation of confirmation | ☐ 91 – Declaratory judgment |
| **FRBP 7001(6) – Dischargeability** | **FRBP 7001(10) – Determination of Removed Action** |
| ☐ 66 – Dischargeability - § 523(a)(1), (14), (14A) priority tax claims | ☐ 01 – Determination of removed claim or cause |
| ☐ 62 – Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud | **Other** |
| ☐ 67 – Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny<br>(continued next column) | ☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa et seq.<br>☐ 02 – Other (e.g.,other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand: $ 195,517.00 plus interest accruing. |

**Other Relief Sought:**
Other equitable relief this Court may determine is fair and just.

1040 (Form 1040) (12/15), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>David G. Komatz and Babsy Komatz | BANKRUPTCY CASE NO.<br>20-36026 CGM |||
| DISTRICT IN WHICH CASE IS PENDING<br>Southern District of New York | DIVISION OFFICE<br>Poughkeepsie || NAME OF JUDGE<br>Chief Judge Cecelia G. M[ ] |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY PROCEEDING IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |||
| DATE | |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff, if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **SOUTHERN DISTRICT OF NEW YORK** <br> ------------------------------------------------------------x <br> In re: <br><br> **DAVID G. KOMATZ and** <br> **BABSY KOMATZ** <br><br> Debtors. <br> ------------------------------------------------------------x <br><br> **DAVID G. KOMATZ** <br> **BABSY KOMATZ** <br><br> Plaintiffs, <br><br> – v – <br><br> **UNITED STATES DEPARTMENT OF** <br> **EDUCATION, NAVIENT SOUTIONS, LLC,** <br> **and NELNET** <br><br> Defendants. <br> ------------------------------------------------------------x | **RECEIVED** <br><br> FEB 1 6 2021 <br><br> U.S. BANKRUPTCY COURT <br> POUGHKEEPSIE, NY <br><br> **Chapter 7** <br><br> **Case No. 20-36026-CGM** <br><br><br><br> **Adv. Pro. No.** |

**COMPLAINT TO DETERMINE DISCHARGABILITY OF STUDENT LOANS**

### 1. JURISDICTION

The United States Bankruptcy Court for the Southern District of New York has jurisdiction of this action pursuant to 28 U.S.C. § 157 because plaintiff's complaint arose in their bankruptcy case number 20-36026CGM filed under Chapter 7 of Title 11 in this United States Bankruptcy Court for the Southern District of New York.

### 2. NATURE OF CLAIM

Plaintiffs dischargeability complaint is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts) and plaintiffs consent to entry of final orders and judgment by the bankruptcy judge in this adversary proceeding.

1

### 3. VENUE

Venue is proper in this district because plaintiffs reside here and filed bankruptcy here.

### 4. PARTIES

David G. Komatz and Babsy Komatz, Plaintiffs, are individuals living at 2 Garden Dr., Monticello, New York. Plaintiff's educational debts to defendants are collectively referred to as their "student loans" in this complaint. Plaintiff David G. Komatz is the debtor in all student loans; Plaintiff Babsy Komatz is a co-signer of two graduate plus loans owed to Defendant Nelnet on behalf of her husband, Plaintiff David G. Komatz.

### 5. TOTAL OF ALL STUDENT LOANS

Defendant United States Department of Education is owed a total of $195,517.

### 6. TOTAL OF LOANS TO NAVIENT

The amount owed to the United States Department of Education is allocated toward two other defendants. Defendant Navient is the loan servicer to one student loan in the amount of $13,917.88. Navient Solutions, Inc., formerly Sallie Mae, Inc. is a Delaware for profit corporation with its address of record as: Navient U.S. Department of Education Loan Servicing, P.O. Box 9635, Wilkes-Barre, PA 18773-9635. These amounts include interest accrued.

### 7. TOTAL OF LOANS TO NELNET

Defendant Nelnet is loan servicer to 25 loans consisting of 4 subsidized loans in the total amount of $11,000; 19 unsubsidized loans in the total amount of $150,800 and two graduate loans in the total amount of $19,843. Nelnet is a student loan servicer with an address of P.O. Box 82505, Lincoln, NE 68501-2505. These amounts include interest accrued.

## 8. FACTUAL ALLEGATIONS COMMON TO ALL DEFENDANTS

On September 23, 2020, plaintiffs filed for bankruptcy protection under Chapter 7 of Title 11. Prior to the commencement of plaintiff's bankruptcy case, plaintiffs owed defendants student loans.

9.

Plaintiffs cannot maintain a minimal standard of living if required to repay their student loans to defendants. Plaintiffs live on monthly Social Security retirement benefits. Plaintiff David G. Komatz currently receives Social Security benefits in the amount of $1,194 monthly; Plaintiff Babsy Komatz currently receives Social Security benefits in the amount of $560.50. Plaintiffs have almost $200,000 in student loans and will never be able to fully amortize their student loans with defendants.

10.

In meeting the first prong of the Brunner test, Brunner v. N.Y. State Higher Educ. Servs. Corp. (In re Brunner), 831 F.2d 395, 396 (2d Cir. 1987), the test requires that the debtors show that they cannot maintain, based on current income and expenses, a "minimal" standard of living for himself and his dependent wife if forced to repay the loans. Plaintiff David G. Komatz has made all reasonable attempts to maximize his income prior to filing bankruptcy. Plaintiff David G. Komatz is an accountant and has worked in that field since 1973. Since being laid-off in 2011, Plaintiff has sought work as an accountant, HR benefits coordinator, HR manager, and with his many college degrees has even sought work as an adjunct professor. Plaintiff David G. Komatz is adequately experienced in all of these areas yet has had no success in obtaining employment. Plaintiff David G. Komatz has during the year 2020 applied to three school districts for positions as a School Business Manager (BOCES), Assistant School Business Manager (Livingston Manor CSD) and School Business Official with the Liberty CSD without success. Plaintiff has searched

3

for positions in an area 85 miles from his residence without any interest from employers since losing his employment in 2011.

**11**

It would be unconscionable for this Court to require plaintiffs to reduce their expenses further than they already have. Plaintiffs can't decrease their monthly expense budget in any way. Plaintiff's expense budget does not include tanning salons, gyms, new clothes, hairdressers, or any other frivolous expenses. Plaintiffs currently drive a 2007 Hyundai Entourage with over 100,000 miles and they cannot afford to purchase a new car. Plaintiff's mobile phone plan is paid for by their children. Plaintiff does not spend money on gambling, alcohol, or drugs.

**12.**

In accordance with prong two of the Brunner test, *Brunner v. N.Y. State Higher Educ. Servs. Corp. (In re Brunner)*, 831 F.2d 395, 396 (2d Cir. 1987), the test requires that the Plaintiffs show that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans. Circumstances do prove plaintiff's state of affairs above is likely to persist in the future. Plaintiff's wife has no usable or marketable job skills. Plaintiffs have maximized their income potential and no more favorable jobs are available to them. Plaintiffs are not expecting any inheritance or gifts in the future that might allow them to repay their student loans. Plaintiffs have no assets they could sell to repay their student loans. Plaintiff's monthly expenses continue to increase and their retirement benefits don't keep up with the costs of living. Plaintiff David G. Komatz is currently 70 years old; Plaintiff Babsy Komatz is currently 65 years old.

**13.**

In meeting prong three of the Brunner test, *Brunner v. N.Y. State Higher Educ. Servs. Corp. (In re Brunner)*, 831 F.2d 395, 396 (2d Cir. 1987), the test requires that the debtor show that they have

4

made good faith efforts to repay the loans, Plaintiffs have had their student loans in deferment as Plaintiff David G Komatz has remained in school in order to maximize his education and to become more valuable to employers with no success in obtaining employment. Plaintiff most recently was enrolled to earn a doctoral degree in global business and leadership and had to withdraw due to the large amount of student loans and the prospect that he may never find employment. Plaintiffs have not repaid other debts instead of their student loans as they have been in deferment. While employed, Plaintiff David G. Komatz paid toward his private loan through Navient. The loan began on 11/13/2003 and had several disbursements through 1/18/2006. Plaintiff began making payments toward this loan on 11/1/2006 and continued through 8/23/2011. During this period Plaintiff David G. Komatz was actively employed. However on 3/1/2011, Plaintiff David G. Komatz' employment ended yet he continued making payments for an additional five months before determining that he could no longer afford to continue.

## CAUSE OF ACTION

## CLAIM ONE

(Determination of Dischargeability – 11 U.S.C. § 523(a)(8))

Plaintiff incorporates the above allegations by reference.

Based on the allegations above, this Court should determine that excepting plaintiff's debts to defendants from discharge would impose an undue hardship on plaintiffs.

WHEREFORE, plaintiff requests:

A. An order determining plaintiff's debts to defendants as alleged above are discharged pursuant to 11 U.S.C. § 523(a)(8) because excepting plaintiff's debts to defendants from discharge would

5

impose an undue hardship on plaintiffs under the three-prong Brunner test; and an award of costs, and

B. For other equitable relief this Court may determine is fair and just.

DATED: 2/12/2021

Respectfully Filed,

David G. & Babsy Komatz
Plaintiff's Pro Se